Lisa A. MILLER, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner, Social Security Administration, Defendant—Appellee.

No. 02–35280.

D.C. No. CV–01–03017–CI.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2003.

Decided Aug. 1, 2003.

Before REAVLEY,* TASHIMA, and PAEZ, Circuit Judges.

## MEMORANDUM**

Lisa Miller ("Miller") appeals the district court's order affirming the Social Security Commissioner's denial of her claims for Social Security Disability benefits and Supplemental Security Income. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

Because the parties are familiar with the factual and procedural history of the case, we will not repeat it here.

## I.

Miller did not raise the following five issues in the district court: (1) that the Administrative Law Judge ("ALJ") failed to explain why he gave greater weight to the opinions of Drs. McRae and Brown than to the opinion of Dr. Williams; (2) that the ALJ failed to consider the complete opinions of state agency physicians, Drs. McRae and Brown; (3) that the ALJ

---

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

erred in assessing the lay witness testimony of Mr. Miller; (4) that the ALJ did not consider Miller's non-severe foot and back impairments in his RFC analysis; and (5) that the ALJ failed fully to explain the basis for his RFC findings. She therefore has waived these arguments on appeal. *See Copeland v. Bowen,* 861 F.2d 536, 540 (9th Cir.1988) (holding that courts of appeal will not consider arguments not raised in the district court).

Because Miller adequately raised her remaining two claims—that the ALJ failed to make sufficient findings about the physical and mental demands of her past relevant work and that the ALJ's determination that she could perform unskilled work was error—in district court, these claims are properly before us.

## II.

We review *de novo* a district court's order affirming the ALJ's decision to deny benefits. *Rollins v. Massanari,* 261 F.3d 853, 855 (9th Cir.2001).

Miller argues that the ALJ, in his Residual Functional Capacity ("RFC") analysis, failed to "accommodate" his Psychiatric Review Technique Form ("PRTF") finding that she *often* fails to complete tasks in a timely manner due to deficiencies of concentration, persistence, or pace. We agree.

An RFC is "a more detailed assessment" of the PRTF. Social Security Rulings 96–8P. The ALJ concluded in his RFC analysis that Miller could perform simple, repetitive tasks that were not detailed or that did not require concentration in excess of two hours. This finding, however, does not address his PRTF finding. Miller's ability to perform routine, simple tasks

does not mean that she has the ability to concentrate at work or complete projects on a timely basis.

Secondly, in evaluating a claim involving mental and/or emotional impairments, an ALJ must offer "a precise description of the particular job duties which are likely to produce tension and anxiety, e.g. *speed,* ... [and] *working with other people.*" Social Security Rulings 96–8P (emphasis added). The record indicated that Miller often had problems with maintaining a steady work pace. The ALJ noted this in his PRTF finding, and Dr. Brown—with whose opinion the ALJ "fully" agreed—also identified Miller's deficiency in pace in his functional capacity assessment. However, the ALJ failed to address this limitation in his analysis of Miller's ability to perform past relevant work.

Finally, the ALJ erred by finding that Miller is "capable of superficial contact and cooperation, but not close frequent interpersonal interaction" and that "she can perform tasks which are not detailed or require concentration in excess of two hours at a time." These findings are not supported by substantial evidence in the record. In fact, Drs. Brown and McRae recommended that Miller limit herself to "solitary settings" and avoid most co-workers. Miller's own testimony indicates that she "like[d] talking to the guests" and that she had confrontations with coworkers and supervisors.[1] Furthermore, the Dictionary of Occupational Titles states that one of the job responsibilities of a motel maid is "personal assistance to patrons." DOT 323.687–014. We therefore conclude that the ALJ's RFC findings were not supported by the record, and were at best speculative. *See* SSR 82–62 (stating that an ALJ's decision regarding the functional

---

1. Even though the ALJ discredited Miller's testimony regarding her physical impairments and their impact on her ability to work, he never discounted Miller's credibility with respect to her mental impairments.

capacity to perform past work "must be developed fully ... clearly and explicitly ... presumptions, speculations and suppositions must not be used").

### III.

We therefore reverse the judgment of the district court and remand with instructions to remand to the Commissioner for further proceedings consistent with this disposition.

**REVERSED** and **REMANDED.**